UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK MACK,

    *Plaintiffs*,

v.

TROOPER MARK BESSNER (#1827); TROOPER JEFFREY RUCINSKI (#1533); SERGEANT MARTIN; jointly and severally,

    *Defendants*.

_____/

Case No.

Hon.

Solomon M. Radner (P73653)
EXCOLO LAW, PLLC
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, DEREK MACK, by and through his attorneys, EXCOLO LAW, PLLC, complaining of Defendants, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place in the City of Detroit.

4. Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(b) since the Defendants perform their official duties in this District and the acts providing the legal basis for this complaint occurred in the City of Detroit, County of Wayne, State of Michigan.

## PARTIES

5. Plaintiff, DEREK MACK (hereafter "Mr. Mack" or "Plaintiff"), is a resident of the City of Detroit, County of Wayne, State of Michigan.

6. Defendant, Mark Bessner (hereafter "Bessner"), at all times relevant to this complaint, was a police officer employed by the State of Michigan and acting under the color of law.

7. Defendant, JEFFREY RUCINSKI (hereafter "Rucinski"), at all times relevant to this complaint, was a police officer employed by the State of Michigan and acting under the color of law.

8.  Defendant, SERGEANT MARTIN (hereafter "Martin"), at all times relevant to this complaint, was a police sergeant employed by the State of Michigan and acting under the color of law.

9.  The individual Defendant Officers, Bessner and Rucinski, when referred to collectively, will be referred to as the individually named "Defendant Officers."

10. Defendant, Sergeant Martin, at all times relevant to this complaint, was a supervising police officer employed by the State of Michigan and acting under the color of law. Defendant Martin was the supervisor of Defendants Bessner and Rucinski at the time of the incident described herein.

## FACTUAL ALLEGATIONS

11. Plaintiff, Derek Mack, was a passenger in a traffic stop in Detroit at the area of Conner Street and Charlemagne Avenue. The traffic stop was conducted and led by Defendants Rucinski and Bessner, who were joined by other unknown officers and Defendant Sgt. Martin.

12. Prior to being pulled over, Plaintiff had become ill because he hadn't eaten before he began drinking alcohol.

13. Plaintiff began to feel sick so he told the driver of the vehicle to pullover so he could vomit. The driver told Plaintiff they were almost at their destination and to try to hold it in.

3

14. Moments later the vehicle was pulled over by the Michigan State Police officers who are the named Defendants, Bessner and Rucinski. Plaintiff, still feeling nauseous, rolled down the window and leaned his head out in an attempt to vomit.

15. Plaintiff was almost immediately pepper sprayed in the face by Bessner, which caused Plaintiff to fall back into the vehicle and throwing up inside.

16. Trooper Bessner opened the door and pulled Mr. Mack out of the vehicle, and allowed him to bend over and finish vomiting. A few moments later, Plaintiff was thrown to the ground and tased by Bessner repeatedly.

17. Plaintiff had been compliant with the officers' commands. The only thing Plaintiff did prior to being tased was ask the Defendants if he could have a few seconds to vomit again, because he was still feeling sick and didn't want to vomit on them. The Defendants' response was repeated tasing.

18. Despite not resisting in any way, Plaintiff was repeatedly tased 4 times for about five seconds per tase by Defendant Bessner, without being given a chance to obey whatever instructions the officers wanted to give him.

19. Defendants Rucinski and Sgt. Martin witnessed what had transpired and did not intervene in this unlawful attack on Plaintiff, despite ample ability and opportunity to do so. Instead they joined in on the attack and physically hurt Plaintiff as well with pounces to the stomach, which caused Plaintiff to vomit yet again. The Defendants also kicked and dragged Plaintiff on the ground.

20. After the last round of tasering, Bessner handcuffed Plaintiff and aggressively lifted Plaintiff to his feet him.

21. As Plaintiff stood there bleeding from multiple places, Trooper Bessner and the other defendant officers stood around him laughing and cracking jokes about him. One of the officers even said, "hold him right there until I take a picture of it."

22. Plaintiff was taken to the Detroit Detention Center where he was lodged and booked by MDOC Officer Nivens.

23. Plaintiff was maliciously and frivolously charged with felonious resisting arrest for the sole purpose of attempting to justify the force used by the Defendant Officers against Plaintiff.

24. The Defendant Officers, with their joint experience in dealing with arrestees and with the Wayne County Prosecutors office, knew that in all likelihood Plaintiff would be offered a misdemeanor plea deal which he would likely be pressured into accepting; most people facing felony charges would and do, after all.

25. They therefore charged him with a felony which they believed would result in a misdemeanor plea deal which they believed would justify their force used on him. After all, they reasoned: Once convicted of a crime involving physically resisting the police, albeit a misdemeanor, nobody would dare question their use of force.

26. Sure enough, and as conspired by the Defendants when they sought the herein complained-of trumped up criminal charges against him, Plaintiff was offered a misdemeanor plea deal, which he accepted.

27. Plaintiff was charged with a felony resisting arrest on November 7, 2016 and accepted the easily predictable misdemeanor plea bargain on November 15, 2016.

28. The prosecution against Plaintiff was initiated in general, legitimately because there may have been a good faith reason to believe that probable cause existed that Plaintiff had engaged in a crime, but the felony charge was requested by the police for a purpose for which felony charges were not intended by law, *i.e.* to coerce Plaintiff into pleading guilty to a misdemeanor to supposedly justify their physical attack on him. The felony charge was only charged by the prosecutor because of the lies communicated by the Defendant Officers.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

**Against All Defendants**

29. Plaintiff incorporates by reference all prior allegations.

30. The Fourth Amendment prohibits officers from using excessive force when effectuating an arrest.

6

31. Plaintiff suffered injuries as described herein as a direct result of the excessive and unnecessary forced used by Defendant Officers.

32. As discussed herein, Defendant Officers all participated in the use of excessive force including pulling Plaintiff from car, tasing him, taking him to the ground, punching kicking or in some other way striking him, while effectuating the arrest.

33. The above-described physical attacks were without legal justification.

34. Defendant Officers could have simply handcuffed Plaintiff to effectuate the arrest.

35. Defendant Officers used more physical force than necessary to effectuate the arrest.

36. When approached by Defendant Officers, Plaintiff did not display any threatening or aggressive behavior whatsoever to necessitate the use of any force. In fact, Plaintiff attempted to comply with Defendant Officers' verbal orders.

37. At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

38. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

39. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Officers employed unnecessary, unreasonable and excessive force against Plaintiff.

40. All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by Defendant Officers in their capacities as police officers, with the entire, actual, and/or apparent authority attendant thereto.

42. Defendants' actions constituted excessive force of Plaintiff.

43. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff has suffered damages for his physical, mental, emotional injury and pain.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (Fourth Amendment – Abuse of Process)

### Against All Defendants

44. Plaintiff incorporates by reference all prior allegations.

45. A legal proceeding had been set in motion in proper form and with probable cause; and that proceeding had been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damages to Plaintiff resulted from the wrongful use of process.

46. When probable cause exists, a plaintiff may not bring an action for malicious prosecution or false arrest; but when probable cause does not exist, a plaintiff may still bring an action for Abuse of Process. Thus, in the instant matter, Plaintiff is bringing an action against the defendants' but perverting the process which they initiated for the sole purpose of successfully coercing a plea out of him.

47. There was a lack of probable cause for the criminal prosecution lodged against Plaintiff.

48. As a consequence of a legal proceeding, Plaintiff suffered a deprivation of liberty.

49. As a direct and proximate result of Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff suffered and will continue to suffer harm.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Failure to Intervene)

**Against All Defendants**

50. Plaintiff incorporates by reference all prior allegations.

51. Each individual Defendant observed all other Defendants engage in excessive force and abuse of process and had the ability and opportunity to intervene but chose not to. These Defendants observed or had reason to know that excessive force, unlawful arrests, unlawful searches, and unlawful seizures, and unlawful retaliation and First Amendment violations would be or were being used, had reasonable opportunity and the means to prevent this harm, but failed to do so.

52. Each defendant observed the other defendants engaging in unconstitutional conduct as is described herein, had the opportunity to prevent it, and chose not to.

53. In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, the Defendants stood by without intervening to prevent the violation of Plaintiffs' constitutional rights, even though they had the opportunity and means to do so.

54. As a direct and proximate result of the Defendants' failure to intervene, Plaintiffs suffered injuries, including but not limited to loss of liberty, physical harm, and emotional distress.

### COUNT IV
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Supervisory Liability)

**Against Defendant Sergeant Martin**

55. Plaintiff incorporates by reference all prior allegations.

56. A Supervisory is individually liable in his personal capacity for the constitutional violations committed by his subordinates if he at least implicitly authorizes, approves, or knowingly acquiesces in the unconstitutional conduct of a subordinate.

57. In this case, Sgt. Martin was at all pertinent times the direct supervisor of the other name Defendants. By turning a willfully blind eye and/or participating in the herein complained-of unconstitutional conduct of the pother named defendant officers, he demonstrated that he at least implicitly authorizes, approves, or knowingly acquiesces in the unconstitutional conduct of them. He is therefore individually liable for their excessive force, failures to intervene, and abuses of process.

58. All herein complained of actions and inactions of Defendants were done wantonly, sadistically, maliciously, knowingly, recklessly, intentionally, purposefully, purposely, with deliberate indifference and gross negligence, and directly caused Plaintiff to suffer harm and/or damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment and pray for the following relief, jointly and severally, against all Defendants:

  a. Full and fair compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Reasonable attorney's fees and the costs and disbursements of this action; and

  d. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

           Respectfully Submitted,

           EXCOLO LAW, PLLC

         By: */s/ Solomon M. Radner*
           Solomon M. Radner (P73653)
           Attorney for Plaintiff
           26700 Lahser Rd, Suite 401
           Southfield, MI 48033
           (866) 939-2656
Dated: November 1, 2019    sradner@excololaw.com